IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TARRON ADAMS, | § | |
| | § | No. 2, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1709014557 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 28, 2020
Decided: April 2, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

**O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Tarron Adams, filed this appeal from the Superior Court's denial of his motions under Rule 35. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Adams's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2018, a Superior Court jury found Adams guilty of possession of a firearm by a person prohibited ("PFBPP"), two counts of possession of controlled substances, receiving a stolen firearm, and possession of drug paraphernalia. For

PFBPP, the Superior Court sentenced Adams to ten years of imprisonment, which is the minimum mandatory sentence for that offense if the defendant "has been convicted on 2 or more separate occasions of any violent felony."[1] Adams's sentences for the other offenses were suspended for probation. This Court affirmed on direct appeal.[2]

(3) Adams filed two motions challenging his sentence under Superior Court Criminal Rule 35, one titled as a "Motion for Modification/Reduction of Sentence" and one titled as a motion for "Review of Sentence." Citing Superior Court Criminal Rule 35(a) and (b), he argued that (i) his prior convictions did not support a ten-year minimum mandatory sentence under 11 *Del. C.* § 1448(e)(1)c because he had only one prior violent felony conviction and it was more than ten years old; (ii) using a prior conviction to enhance a sentence for a new conviction violates double-jeopardy principles; (iii) Rule 609(b) of the Delaware Uniform Rules of Evidence prohibited the Superior Court's consideration of a conviction that was more than ten years old; and (iv) the Superior Court overlooked certain mitigating factors when imposing the sentence.

(4) The Superior Court denied the motions, and Adams appealed. On appeal, Adams asserts the same issues that he presented to the Superior Court, with

---

[1] 11 *Del. C.* § 1448(e)(1)c.
[2] *Adams v. State*, 2019 WL 4410271 (Del. Sept. 13, 2019).

the exception of the argument that the Superior Court failed to consider certain mitigating factors when determining his sentence. His arguments on appeal challenge the legality of the sentence and are therefore subject to review under Rule 35(a). We review the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[3] To the extent the claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5) We find no reversible error in the Superior Court's denial of Adams's motions. First, Adams argues that he did not have sufficient prior violent felony convictions to support a ten-year minimum mandatory sentence under 11 *Del. C.* § 1448(e)(1)c. Section 1448(e)(1) provides:

> Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of:
>
> > a. Three years at Level V, if the person has previously been convicted of a violent felony;

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

b. Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date; or

c. Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.[6]

The Superior Court imposed a ten-year minimum mandatory sentence under Section 1448(e)(1)c. Adams contends that his prior convictions did not warrant that minimum mandatory sentence because (i) he has only one prior conviction for a violent felony and (ii) that conviction was more than ten years old. He therefore argues that he was subject to a minimum mandatory sentence of three years under Section 1448(e)(1)a.

(6)     The record presently before the Court, including the sentencing transcript, does not specifically identify the nature or date of Adams's prior convictions that were sentencing-enhancing convictions under Section 1448(e)(1). But Adams concedes on appeal that he was convicted of a violent felony in 1997. He was therefore subject to a sentence for PFBPP of up to fifteen years, with at least a three-year minimum mandatory sentence.[7] Moreover, his counsel conceded at

---

[6] 11 *Del. C.* § 1448(e)(1). For purposes of Section 1448(e), "'violent felony' means any felony so designated by § 4201(c) of this title, or any offense set forth under the laws of the United States, any other state or any territory of the United States which is the same as or equivalent to any of the offenses designated as a violent felony by § 4201(c) of this title."

[7] *See* 11 *Del. C.* § 1448(c) (providing that PFBPP is a Class C felony if the defendant is subject to sentencing under Section 1448(e), regardless of which subsection of Section 1448(e) applies); *id.* § 4205(b)(3) (providing for a sentence of up to fifteen years of imprisonment for a Class C felony);

4

sentencing that Adams was subject to a ten-year minimum mandatory sentence; he also indicated that the parties had engaged in extensive negotiations about the sentence and had agreed to recommend a ten-year sentence in lieu of the State's moving to declare Adams to be a habitual offender.[8] Adams was given the opportunity to speak before he was sentenced and did not dispute his counsel's statements. Under these circumstances, Adams is bound by his lawyer's representations, and the Superior Court did not abuse its discretion in denying his motion for correction of sentence.[9]

(7) Second, Adams's claim that using a prior conviction to enhance a sentence for a later conviction violates double-jeopardy principles is without merit. The United States Supreme Court has consistently rejected double-jeopardy

---

id. § 1448(e)(1)a (providing for a minimum mandatory sentence of three years of imprisonment if the defendant has previously been convicted of a violent felony).

[8] *State v. Adams*, Cr. I.D. No. 1709014557, Transcript of Sentencing, at 2-3 (Del. Super. Ct. Jan. 16, 2019).

[9] *See Walsh v. State*, 2016 WL 3751911 (Del. June 29, 2016) (affirming ten-year minimum mandatory sentences for PFBPP convictions because defendant did not deny at his sentencing hearing that his prior out-of-state convictions subjected him to sentencing under Section 1448(e)(1)c. *See also Durham v. State*, 2018 WL 3246188 (Del. July 3, 2018) (rejecting claim that the State failed to offer sufficient proof that defendant had three predicate felony convictions for habitual offender sentencing because "[a]t his sentencing, Durham admitted, through his counsel, that he had three qualifying predicate felonies and was eligible for sentencing as a habitual offender" and he "was given the opportunity to speak before he was sentenced and did not contradict his attorney's statements on his behalf"); *Elmore v. State*, 2016 WL 4094655 (Del. July 21, 2016) (affirming denial of Rule 35(a) motion where the appellant received a ten-year minimum mandatory sentence for PFBPP after he conceded at sentencing that he had two prior violent felony convictions); *Lacey v. State*, 2011 WL 1486566 (Del. Apr. 19, 2011) (stating that appellant waived any challenge to her habitual offender status by admitting "in her plea agreement that she was subject to sentencing as a habitual offender as a result of her previous felony convictions").

challenges to sentencing schemes that enhance a defendant's sentence because of a prior conviction.[10]

(8)    Finally, Adams argues that the Superior Court erred by not applying Rule 609(b) of the Delaware Uniform Rules of Evidence to preclude consideration of his conviction that was more than ten years old.  Rule 609(b) concerns the impeachment of a testifying witness by evidence of criminal convictions.  The rule does not apply in the context of sentencing.[11]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[10] *Epperson v. State*, 2002 WL 480932 (Del. Mar. 22, 2002) (citing *Witte v. United States*, 515 U.S. 389, 398 (1995)).
[11] *Shepherd v. State*, 1996 WL 585904, at *2 (Del. Oct. 1, 1996).